Sconiers and Martoche, JJ.
(dissenting). We respectfully dissent. “Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision [PRS] component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction” (People v Catu, 4 NY3d 242, 245 [2005]). Contrary to the conclusion of the majority, we agree with defendant that the plea was not knowingly, voluntarily and intelligently entered and that she was not required to preserve for our review her challenge to the voluntariness of the plea (see People v Boyd, 12 NY3d 390, 393 [2009]; People v Louree, 8 NY3d 541, 545-546 [2007]). It is undisputed that there was no mention of PRS at the plea proceeding and, based on our review of the record, we conclude that defendant was not “advised of what the sentence would be, including its PRS term, at the outset of the sentencing proceeding” (People v Murray, 15 NY3d 725, 727 [2010]). Rather, defendant did not learn that PRS *1548 would be imposed until “moments before imposition of] the sentence” (People v McAlpin, 17 NY3d 936, 938 [2011]).
Significantly, the brief reference to PRS by the prosecutor at sentencing “cannot substitute for [County Court’s] duty to ensure, at the time the plea is entered, that the defendant is aware of the terms of the plea . . . , especially in light of the fact that it was not stated that [PRS] was required to be part of any sentence with a determinate prison term” (People v Pett, 77 AD3d 1281, 1282 [2010] [internal quotation marks omitted]), and we conclude that the brief reference does not support the People’s position that “Louree’s rationale for dispensing with the preservation requirement is not presently applicable” (Murray, 15 NY3d at 727; see People v Rivera, 91 AD3d 498, 498 [2012]). Moreover, the majority’s position, raised sua sponte, that defendant waived her right to assert the Catu error is not supported by the record. The prosecutor told defendant incorrectly just before the court imposed sentence that PRS was “part of [her] plea,” and she was offered no option other than to proceed to sentencing. Defendant indicated that she had discussed PRS with her attorney and understood what the prosecutor had said. When the prosecutor then asked if she “still wish[ed] to go through with sentencing today,” defendant responded in the affirmative. Despite that exchange, the record fails to demonstrate that defendant was ever informed that there was an alternative to going forward with sentencing, namely, that she was entitled to withdraw her guilty plea because of the court’s failure to advise her of PRS at the plea proceeding. As a result, defendant said nothing during the sentencing proceeding that amounted to a waiver, i.e., “an intentional relinquishment or abandonment of a known right or privilege” (Johnson v Zerbst, 304 US 458, 464 [1938]). In particular, defendant did not waive her “right to be sentenced in accordance with the plea agreement” (People v McDermott, 68 AD3d 1453, 1453 [2009]). We therefore vote to reverse the judgment, vacate the plea, and remit the matter to County Court for further proceedings on the indictment. Present — Scudder, P.J., Peradotto, Sconiers, Valentino and Martoche, JJ.